## Atlantic Refining Co., Appellant, *v.* Thubron Tire & Supply Co.

*Assumpsit—Lease of personal property—Leakage—Failure to repair.*

In an action of assumpsit to recover for gasoline sold to a defendant, who also rented a gas tank from the plaintiff an exoneration by the lessee to the lessor for all damages, "which may be suffered by him or his neighbors by reason of a leakage, fire, explosion or other casualty occurring through any imperfection in said Gasoline Storage System, or from any other cause whatsoever," did not cover the loss of gasoline itself which leaked out because of the defective condition of the tank.   The tank having been constructed to hold gasoline, the loss resulting from leakage of the tank should

not fall upon the purchaser who did not construct it and was not the owner thereof.

*Evidence—Best evidence—Objections—Exceptions.*

In the course of the trial the defendant proved his loss, showing the difference between the gasoline purchased and put into the tank and the amount sold. Objection was made that it was not the best evidence, with the qualification that if the slips showing the particular transactions were produced the objection would not be pushed. The failure to produce these slips cannot be assigned as error where, on the record, there was no action by the court, and the proceeding must be regarded as merely an arrangement between the attorneys.

The fact that the defendant had continued to make payments for the gasoline furnished to him did not estop him from claiming reimbursement. The hiring of the tank and the purchase of the gasoline were distinct contracts, only connected by the stipulation in the lease that it should not be used except for gasoline purchased from the plaintiff. Under such circumstances, the payments made for gasoline would have no effect on the defendant's claim for loss of gasoline by leakage.

Argued May 1, 1922. Appeal, No. 65, April T., 1922, by plaintiff, from judgment of C. P. Allegheny County, July T., 1920, No. 12, on verdict for plaintiff, in the case of The Atlantic Refining Company v. Thubron Tire & Supply Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on book-account for gasoline and oil furnished to defendant. Before SHAFER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $200 and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of plaintiff's motion for judgment non obstante veredicto.

*J. Merrill Wright,* and with him *Robert A. Rundle,* for appellant.

*Thomas M. Marshall, Jr.,* and with him *Thomas W. Marshall,* for appellee.

OPINION BY TREXLER, J., July 13, 1922:

The Atlantic Refining Company on the 7th of March, 1917, leased to the defendant a gasoline storage system. This was to remain the property of the plaintiff and to be used only for the storage of gasoline purchased from it, and all the gasoline used by the lessee was to be bought of the plaintiff, the plaintiff reserving the right to remove the tank without notice upon breach of the agreement. The lease contained the following clause "And also for himself, doth hereby expressly waive, relinquish, exonerate, discharge and protect the said party of the first part from any and all liability for damages, which may be suffered by him or his neighbors by reason of a leakage, fire, explosion or other casualty occurring through any imperfection in said Gasoline Storage System, or from any other cause whatsoever." The tank was installed by the plaintiff's employees and the defendant from time to time purchased gasoline which was paid regularly until the latter part of 1919 when he refused to pay any further amount, giving as a reason that he had a claim against the plaintiff for gasoline which had been lost by reason of a leak in the tank. The defendant had, upon frequent occasions called up the main office of the company in Pittsburgh and had told the manager that the tank leaked and had been assured that the company would repair it and stand the loss. The plaintiff contends that under the clause above quoted the defendant waived all claim for damages. The learned judge of the lower court construed the contract as intended to cover only damages occasioned by leaking of gasoline not the loss of the gasoline itself and we come to the same conclusion. The clause refers to leakage, fire or other casualty occuring through any imperfection of the system. The construction put upon it by the court is more consistent with the purpose of the contract. In the view

of the parties the tank was destined to hold gasoline and it would hardly be reasonable that the loss resulting from leakage of the tank should fall upon the purchaser who did not construct the tank and was not owner of it. Of the two possible constructions of the clause, we would prefer the one which would not lead to such a conclusion.

The next inquiry is, was the best evidence produced. At the trial the defendant proved his loss by showing the difference between the gasoline purchased and put into the tank and the amount sold. He testified to the amount in gallons respectively. Objection was made that it was not the best evidence. The slips showing the transaction should have been produced, but the plaintiff's attorney stated that if the record of sales in detail were produced the objection would not be pushed. The defendant's attorney then stated that he would produce them later on. It seems that there was no formal offering of the slips thereafter although recourse appears to have been made to them during the trial. The matter seems to have been overlooked, although it is stated at bar that the attention of the court was called to the failure to offer the slips but this was after the case was closed. We can only consider the record as presented. The only matter assigned for error is the objection of the plaintiff with the qualification that there would be no objection if the slips were produced and the offer on the defendant's part to produce them later on. This is all we can find upon the record and standing alone shows no action of the court assignable for error but merely an arrangement between the attorneys.

Was the defendant estopped by his own negligence? We do not think the court could, under the circumstances, have ruled this question as requested. The ownership and, apparently, the control of the tank was actually in the plaintiff, it made the necessary repairs and finally replaced the leaky tank. There does not appear to have been any duty upon the defendant to repair the tank. When he had notified the plaintiff of its leaky

condition and received the assurance from it that it would attend to the matter and would make good the loss, all possible imputing of negligence to him disappeared.

Did the defendant by voluntary payments deprive himself of recovering them back? This defense apparently was not raised at the trial, but even if it had been if the jury believed the statement of the defendant that the company had given him the assurance that it would make good his loss and under the other circumstances appearing in the case the subject was to have a future ascertainment and adjustment and the defendant was not barred from making a claim for such loss by reason of his having paid for such gasoline as he had used. The defendant was confronted with the situation that to retain his tank he had to pay his bills and under his contract the company furnished his only source of supply. The ascertainment of the loss was a work requiring a large amount of calculation and would consume considerable time. Of this difficulty the plaintiff was informed and offered no objection. The promise to repair the tank was continued from time to time and it was not unreasonable for the defendant to assume that the adjustment would be made after the tank was repaired. The court, although the matter was not raised in the trial, in his charge told the jury that if the defendant "kept on paying his bills after he knew it was leaking he could not afterward complain that it was leaking, unless he kept telling them about it and had some assurance from them that would excuse him from going on. Otherwise he would have no business to go on and allow the gasoline to leak in that way and then undertake to charge the plaintiff with it afterward." No specific exception was taken to this part of the charge. Furthermore as was said by the court in its opinion on the motion for new trial "The hiring of the tank and the purchase of gasoline would seem, however, to be distinct contracts, only connected by the stipulation in the lease of the tank that it

should not be used except for gasoline purchased from the plaintiff. If this view is correct the payments made for the gasoline would have no effect on the defendant's claim for loss of gasoline by leakage."

The assignments are all overruled and the judgment is affirmed.